**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

MIGUEL ARRIETA-COLON, ET AL.,
  Plaintiffs,

v.                                                              Civil No. 00-1772 (HL)

WAL MART STORES, INC., ET AL.,
  Defendants.

**ORDER**

Before the Court are Plaintiffs' original motions for attorneys' fees and supporting accounting documentation and affidavits,[1] Defendant Wal-Mart's opposition to said motions,[2] and Plaintiffs' renewed motion for attorneys' fees and related supporting documentation which includes billing for additional hours.[3] For the reasons set forth below, Plaintiffs' motions for attorneys' fees are granted in part and denied in part.

Judgment in this case was entered on January 30, 2004, awarding Plaintiffs, *inter alia*, attorneys' fees pursuant to 42 U.S.C. § 12205.[4] In Plaintiffs' renewed motion for attorneys' fees, Attorney Nora Vargas-Acosta claims to have spent 77.25 in-court hours and 186.5 out-of-court hours on this case, which at her requested rate of $250 an hour for in-court time and $200 for out-of-court time totals $56,612.50. Attorney Mireya Baltazar-

---

[1] Dkt. Nos. 157-158, 162-163, 183, 185.

[2] Dkt. No. 173.

[3] Dkt. No. 209-211. Plaintiffs' Counsel have not provided any justification for the delay in reporting these additional hours, and the record shows the Court has already permitted Plaintiffs' counsel to amend their hours on repeated occasions. As the additional hours claimed in Plaintiffs' Counsels' renewed motion for attorneys' fees have been untimely reported and no justification has been provided to compel their inclusion, said hours shall not be allowed.

[4] Dkt. No. 132.

Suazo claims to have spent 60.25 in-court hours and 377 out-of-court hours on this case, which at her requested rate of $185 an hour for in-court time and $150 an hour for out-of-court time totals $67,696.25. Attorney Orlando Martínez-García claims to have spent 60.25 in-court hours and 287.75 out-of-court hours, which at his requested rate of $200 for in-court time and $185 out-of-court time totals $65,283.75. Thus, Plaintiffs seek a total of $189,592.50 in attorneys' fees.

Defendant Wal-Mart objected to Plaintiffs' original motions for attorneys' fees on the following three grounds: (1) the amount claimed should be reduced due to Plaintiffs' limited success on their claims; (2) the hourly rates claimed by counsel are inappropriate; and (3) the amount of hours expended and the use of three attorneys for the length of the trial was unnecessary.

# I

## Prevailing Party

Defendant Wal-Mart argues that the amount claimed for attorneys' fees by Plaintiffs should be substantially reduced because Plaintiffs did not succeed on several of their claims. Plaintiffs originally brought claims pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101-12213; the Commonwealth of Puerto Rico's Prohibition of Discrimination Against Impaired Persons Act, Law 44 of 1985, 1 L.P.R.A. § 501 *et seq.;* and Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141,[5] alleging disability discrimination manifested through a hostile work environment and constructive discharge. The complaint was later amended to include claims under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq.* and various Puerto Rico employment laws.[6] Ultimately, Plaintiffs attained success only as to the ADA claims.

---

[5] *See* Dkt. No. 1. Article 1802 of the Puerto Rico Civil Code imposes liability on any person who "causes damages to another parthy through fault or negligence." 31 L.P.R.A. § 5141.

[6] *See* Second Amended Complaint, Dkt. No. 43.

3

A prevailing party is a party who "succeed[s] on any significant issue . . . which achieves some of the benefits plaintiffs sought in bringing suit." *Maine School Admin. Dist. No. 35 v. Mr. R.*, 321 F.3d 9, 14, (1st Cir. 2003) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "If a plaintiff prevails on only some of multiple claims, then a fee reduction may be in order. To guide decisionmaking in this situation, the Justices [of the United States Supreme Court] have suggested two relevant questions: 'First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?'" *Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 339 (1st Cir.1997) (quoting *Hensley v. Eckerhart*, 461 U.S. at 434.). In the present case, Plaintiffs' failed claims were closely related to their prosperous ADA claims. Plaintiffs' claims for relief all "involve[d] a common core of facts" and were "based on related legal theories" and it appears that much of counsels' time was devoted generally to the litigation as a whole. *Hensley,* 461 U.S. at 435. "Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* Thus, the Court turns its analysis to the hours reportedly expended in this case.

## II.

### Hours Expended

"In fashioning fee awards, the attorney's contemporaneous billing records constitute the usual starting point, but the court's discretion is by no means shackled by those records. . . . [I]t is the court's prerogative (indeed, its duty) to winnow out excessive hours, time spent tilting at windmills, and the like." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295-96 (1st Cir. 2001)(citing *Coutin v. Young & Rubicam, Inc.*, 124 F.3d 331, 337 (1st Cir. 1997)); *see also Grendel's Den, Inc. v. Larkin*, 749 F.2d 945 (1st Cir. 1984) (discussing the issue of excessive and repetitive hours in attorneys' fees submissions)).  In other words, the district court may in its discretion exclude those hours which were not

4

reasonably expended. *Hensley,* 461 U.S. at 434.

The Court has reviewed the itemization of time-sheets submitted by Plaintiffs' counsel, and finds that a number of items appear to be duplicative, excessive, and unnecessary. Further, the case appears to have been overstaffed. "Where tag teams of attorneys are involved, fee applications should be scrutinized with especial care." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 298 (1st Cir. 2001). In this case, the hours reported to the Court disclose numerous instances of unnecessary duplication and over-expenditures of efforts by Plaintiffs' counsel. *See Ackerly Communications v. Somerville*, 901 F.2d 170, 171-73 (1st Cir.1990); *Grendel's Den v. Larkin*, 749 F.2d 945, 953 (1st Cir.1984). The Court has also found several instances of unnecessary billing for clerical tasks, as well as instances of counsel's failure to provide appropriately specific accounting documentation detailing the dates and tasks for which the reported hours were expended. *See Lipset v. Blanco*, 975 F.2d 934, 940 (1st Cir.1992)(holding that a trial court improperly permitted billing clerical task at lawyer's rates); *Hensley*, 461 U.S. at 433 (holding that where documentation is inadequate a court may consequently reduce the award). Accordingly, the Court reduces the time claimed by Attorney Nora Vargas-Acosta by 10 hours (all out-of-court hours), for a remaining total of 77.25 in-court hours and 176.5 out-of-court hours.[7] The Court reduces the time claimed by Attorney Mireya Baltazar-Suazo by 208.75 hours (27.75 in-court hours and 181 out-of-court hours), for a remaining total of 32.5 in-court hours and 196 out-of-court hours.[8] The Court reduces the time claimed

---

[7] The Court reduces the following entries from the itemized invoices (Dkt. Nos. 158; 210-1) submitted by Attorney Vargas-Acosta: the work reported on 4/5/04 and 6/11/04 is stricken in its entirety of 10 hours as untimely reported. *See infra* note 3.

[8] The Court reduces the following entries from the itemized invoice (Dkt. No. 210-2) submitted by Attorney Baltazar-Suazo: the work reported for September 2000 (without a specific date) is stricken in its entirety of 1 hour; the work reported for 9/29/00 is stricken in its entirety of 5 hours; the work reported for 10/6/00 is reduced by 2 hours; the work reported for 12/16/00-12/20/00 is stricken in its entirety of 4 hours; the work reported for 2/20/01-2/28/01 is stricken in its entirety of

5

by Attorney Orlando Martínez-García by 170.5 hours (32.5 in-court hours and 138 out-of-court hours),[9] for a remaining total of 27.75 in-court hours and 149.75 out-of-court hours.

---

5 hours; the work reported for 2/10/03 is stricken in its entirety of 0.25 hour; the work reported for 4/10/03 is reduced by 3 hours; the work reported for 5/27/03 is reduced by 0.75 hour; the work reported for 6/5/03 is reduced by 0.25 hour; the work reported for 6/6/03 is reduced by 0.75 hour; the work reported for 6/15/03 is reduced by 1.5 hours; the work reported for 6/24/03 & 6/26/03 is stricken in its entirety of 0.25 hour; the work reported for 7/1/03 is stricken in its entirety of 3 hours; the work reported for 7/6/03 is stricken in its entirety of 0.5 hour; the work reported for 7/7/03 is reduced by 2 hours; the work reported for 7/8/03 is stricken in its entirety of 4 hours; the work reported for 7/9/03 is reduced by 1.75 hours; the work reported for 7/10/03 is reduced by 8 hours; the work reported for 7/23/03 is stricken in its entirety of 2 hours; the work reported for the 1, 3, 6-7, 13-14 of Aug. 2003 for various phone conferences with co-counsel is stricken in its entirety of 1.5 hours; the work reported for 8/29/03 is reduced by 1 hour; the work reported for 9/22/03 is reduced by 0.25 hour; the work reported for 10/16/03 is reduced by 2 hours; the work reported for 10/28/03 is stricken in its entirety of 0.5 hour; the work reported for 10/31/04 is reduced by 4.25 hours; the work reported for 11/10/03 is reduced in its entirety of 2.25 hours; the work reported for 11/19/03 is reduced by 1.5 hours; the work reported for 11/17/03-11/23/03 is reduced by 12 hours; the work reported for 11/25/03 is reduced by 6.5 hours; the work reported for 12/4/03 is reduced by 0.5 hour; the work reported as for Oct. 2003, Nov. 2003 (without specific dates) and Dec. 1-4, 2003 is stricken in its entirety of 9 hours; the work reported for 12/14/02-12/16/03 is reduced by 5 hours; the work reported for 12/16/03 is stricken in its entirety of 1.25 hours; the work reported for 12/16/03 is stricken in its entirety of 1.25 hours; the work reported for 1/8/04 is reduced by 5.5 hours; the work reported for 1/11/04 is reduced by 9 hours; the work reported for 1/12/04 is reduced by 7 hours; the work reported for 1/13/04 is reduced by 8.5 hours; the work reported for 1/14/04 is stricken in its entirety of 11 hours; the work reported for 1/15/04 is reduced by 2.5 hours; the work reported for 1/18/04 is stricken in its entirety of 9 hours; the work reported for 1/18/04 is stricken in its entirety of 8 hours; the work reported for 1/20/04 (mistakenly written as 1/20/03) is reduced by 3 hours; the work reported for 1/21/04 is reduced by 5 hours; the work reported for 1/25/04 is stricken in its entirety of 5 hours; the work reported for 1/28/04 is stricken in its entirety of 6 hours; the work reported for 1/29/04 is reduced by 7 hours; the work reported for 1/30/04 is stricken in its entirety of 5.5 hours; the work reported for 2/13/04 is stricken in its entirety of 1.5 hours; the work reported for 2/16/04 is stricken in its entirety of 0.5 hour; the work reported for 3/15/04 is stricken in its entirety of 0.5 hour; the work reported for 3/22/04-3/29/04 is reduced by 9.75 hours; the work untimely reported for 4/7/04-10/22/04 is stricken in its entirety of 12 hours.

[9] The Court reduces the following entries from the itemized invoice (Dkt. No. 210-3) submitted by Attorney Martínez-García: the work reported on 3/24/00 is stricken in its entirety of 2 hours; the work reported for "May 2000" (without any specific dates) is stricken in its entirety of 6.5 hours; the work reported for "June 2000" (without any specific dates) is stricken in its entirety of 10.5 hours; the work reported for 9/13/00 is stricken in its entirety of 1.5 hours; the work reported for 9/23/00- 9/27/00 is stricken in its entirety of 11 hours; the work reported for 9/29/00 is reduced by 3

### III.

### Rates

Once again, as with the amount of time spent working on a case, the "court may take guidance from, but is not bound by, an attorneys' standard billing rate." *Gay Officers Action League v. Puerto Rico*, 247 F.3d at 296 (citing *Brewster v. Dukakis*, 3 F.3d 488, 492-93 (1st Cir. 1993)). The hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984); *Andrade v. Jamestown Housing Auth.*, 82 F.3d 1179, 1190 (1st Cir. 1996). In reaching its determination, the court may rely upon its own knowledge of attorneys' fees in the community. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989). For instance, courts may apply different rates to different tasks, such as a higher rate for in-court work than for out of court work. *See e.g., Tejada-Batista v. Fuentes-Agostini*, 263 F.Supp.2d 321 (D.P.R. 2003); *Rodriguez Rodriguez v. Munoz Munoz,* 617

---

hours; the work reported for 10/6/00 is reduced by 0.5 hour; the work reported for 12/16/00-12/20/00 is stricken in its entirety of 6.5 hours; the work reported for 2/17/01 & 2/18/01 is stricken in its entirety of 2 hours; the work reported for "May 2001" (without any specific dates) is stricken in its entirety of 5 hours; the work reported for 10/2/01 is stricken in its entirety of 1.5 hours; the work reported for 1/16/02 is reduced by 1 hour; the work reported for 4/15/02-4/18/02 is stricken in its entirety of 2 hours; the work reported for 5/31/02 is reduced by 1.5 hours; the work reported for 6/17/02 is reduced by 1.5 hours; the work reported for 11/9/02-11/10/02 is stricken in its entirety of 2 hours; the work reported for 11/13/02 is reduced by 3.75 hours; the work reported for 4/21/03 is reduced by 1 hour; the work reported for 5/1/03 is reduced by 1 hour; the work reported for 5/20/2003 is reduced by 3 hours; the work reported for 7/1/03 is stricken in its entirety of 3.5 hours; the work reported for 7/11/03 is stricken in its entirety of 2.5 hours; the work reported for 7/14/03 is stricken in its entirety of 7.5 hours; the work reported for the 1, 3, 6-7, 13-14 of Aug. 2003 for various phone conferences with co-counsel is stricken in its entirety of 1.5 hours; the work reported for 9/26/03 is stricken in its entirety of 1.75 hours; the work reported for 12/6/03 is reduced by 2 hours; the work reported for 1/5/04 is stricken in its entirety of 3.5 hours; the work reported for 1/8/04 is reduced by 3 hours; the work reported for 1/11/04 is stricken in its entirety of 9 hours; the work reported for 1/15/04 is stricken in its entirety of 10 hours; the work reported for 1/16/04 is stricken in its entirety of 3 hours; the work reported for 1/20/04 is reduced by 3.5 hours; the work reported for 1/21/04 is reduced by 8 hours; the work reported for 1/22/04 is stricken in its entirety of 8.5 hours; the work reported for 1/23/04 is stricken in its entirety of 3.5 hours; the work reported for 1/25/04 is reduced by 1.5 hours; the work reported for 2/16/04 is stricken in its entirety of 0.5 hour; the work untimely reported for 4/6/04-6/25/05 is stricken in its entirety of 31 hours.

F.Supp.518 (D.P.R. 1985).

In the present case, based on the counsels' level of experience and areas of expertise, the prevailing rates in the local community for similar work, the availability of adequate local counsel, and level of complexity in this case, the Court finds the rate of $225 an hour for in-court work and $175 an hour for out-of-court work to be appropriate for Attorney Vargas-Acosta; the rate of $125 an hour for in-court work and $100 for out-of-court work to be appropriate for Attorney Baltazar-Suazo; and the rate of $150 an hour for in-court work and $125 for out-of-court work to be appropriate for Attorney Martínez-García.

Therefore, Attorney Vargas-Acosta is entitled an award of attorneys' fees for 77.25 in-court hours at an hourly rate of $225 and 176.50 out-of-court hours at an hourly rate of $175, for a total of **$48,268.75**. Attorney Baltazar-Suazo is entitled an award of attorneys' fees for 32.5 in-court hours at an hourly rate of $125 and 196 out-of-court hours at an hourly rate of $100, for a total of **$23,662.50**. Attorney Martínez-García is entitled an award of attorneys' fees for 27.75 in-court hours at an hourly rate of $150 and 149.75 out-of-court hours at an hourly rate of $125, for a total of **$22,881.25**. Therefore, a grand total of **$94,812.50** of attorneys' fees are awarded in this case.

## CONCLUSION

In conclusion, the Court awards Plaintiffs' a grand total of **$94,812.50** in attorneys' fees.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 10, 2006.

                                        S/ HECTOR M. LAFFITTE
                                        United States District Judge