**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MIGUEL ARRIETA-COLON, ET AL.,<br>  Plaintiffs,<br><br>v.<br><br>WAL MART STORES, INC., ET AL.,<br>  Defendants. | Civil No. 00-1772 (HL) |

**ORDER**

Before the Court is Plaintiffs' Motion for Reconsideration of Order Striking Docket 218 (Docket No. 220). On April 10, 2006, this Court issued an order granting in part and denying in part Plaintiff's motions for attorneys' fees (Docket No. 215). Plaintiff's filed a Motion for Reconsideration on April 25, 2006 (Docket No. 218), which the Court struck for exceeding the page limit set forth in Local Rule 7.1(e) (Docket No. 219). For the reasons set forth below, Plaintiffs' motion for reconsideration is granted.

Despite noncompliance with Local Rule 7.1(e), the Court hereby reconsiders Plaintiffs' original Motion for Reconsideration (Docket No. 218). In their unopposed motion, Plaintiffs posit three arguments: (1) Plaintiffs timely renewed their application for attorneys fees; (2) the Court abused its discretion by reducing the hours worked by Attorney Martinez-Garcia and Attorney Baltazar-Suazo; and (3) the Court abused its discretion by reducing the hourly rate of Attorney Martinez-Garcia and Attorney Baltazar-Suazo. The Court addresses each of these arguments in turn.

In the Court's Order denying in part and granting in part Plaintiffs' Motion for attorneys fees, the Court did not consider Docket No. 210 which included an updated report of additional hours of Attorney Martinez-Garcia and Attorney Baltazar-Suazo. The Court stated that counsel's renewed motion for attorney's fees was untimely and declined to consider the additional hours presented by counsel. Upon reconsideration, however, the

Court finds that Docket No. 210 was timely filed. Local Rule 54(a) provides that "[a]n application for fees....shall be filed within 30 days of the disposition of the appeal." In the instant case, the Court of Appeals for the First Circuit entered judgment on January 13, 2006. Pursuant to the Federal Rules of Civil Procedure, the last day for plaintiffs to file their motion for attorneys fees was February 13, 2006. Fed.R.Civ.P 6(a). Plaintiffs filed their renewed motion for attorneys fees on February 13, 2006. Therefore, the Court now considers the additional hours filed by the Plaintiff's renewed application for attorneys fees that were not considered in its March 10, 2006 Order.

The Court has reviewed the itemized time sheets submitted by counsel, focusing solely on the additional hours not considered in its previous order, and finds that a number of the items appear excessive. Accordingly, the Court reduces the time claimed by Attorney Orlando Martinez-Garcia by 14 out-of-court hours.[1] The Court reduces the time claimed by Attorney Mireya Baltazar-Suazo by 5.25 out-of-court hours.[2] Consequently, Attorney Martinez is entitled to an additional award of attorney's fees for 17 out-of-court hours at an hourly rate of $125[3], for a total of $2125.00. Attorney Baltazar-Suazo is entitled to an additional award of 6.75 out-of-court hours at an hourly rate of $100[4], for a total of

---

[1] The Court reduces the following entries from the itemized invoice (Docket No. 210-3) submitted by Attorney Martinez: the work reported on April 6-7, 2004 is reduced by 3 hours; the work reported on April 12, 2004 is reduced by 1 hour; the work reported on April 15, 2004 is reduced by 1 hour; the work reported on June 1, 2004 is reduced by .25 hours; the work reported on June 14, 2004 is reduced by .25 hours; the work reported on June 15-19, 2004 is reduced by 3 hours; the work reported on June 25, 2004 is reduced by 2 hours; the work reported on June 22-25, 2004 is stricken it its entirety of 3 hours; the work reported on June 25, 2005 is stricken in its entirety of .5 hours.

[2] The Court reduces the following entries from the itemized invoice (Docket No. 210-2) submitted by Attorney Baltazar: the work reported on April 7, 2004 is reduced by 3 hours; the work reported on June 1, 2004 is reduced by .25 hours; the work reported on June 23, 2004 is reduced by .25 hours; the work reported on July 2, 2004 is stricken in its entirety of .75 hours; the work reported on July 11, 2004 is reduced by .5 hours; the work reported on October 22, 2004 is reduced by .5 hours.

[3] The Court is applying the same hourly rate used in its original Order on Plaintiff's motion for attorneys' fees for the reasons set forth in said Order. *See* Docket No. 215

[4] *Id.*

3

$675.00. The Court declines to reconsider its original order on Plaintiff's Motion for attorney's fees with respect to the hours expended and the rates of the attorneys. (Docket No. 215).

## CONCLUSION

**WHEREFORE**, the Court awards Plaintiffs' counsel an additional total of **$2800.00** in attorneys' fees.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 30, 2006.

S/ HECTOR M. LAFFITTE
Senior United States District Judge